IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | | Case No. 11-33248 |
| Azharul Khan | * | |
| | | Chapter 13 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| Carrollan Gardens Condominium Assoc. | |
| | * |
| Movant | |
| | * |
| v. | |
| | * |
| Azharul Khan | |
| | * |
| Respondent | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION
## FOR RELIEF FROM AUTOMATIC STAY

COMES NOW Debtor/Respondent, AZHARUL KHAN, ("Khan"), by and through undersigned counsel, and submits this memorandum in opposition to the Motion of CARROLLAN GARDENS CONDOMINIUM ASSOCIATION, ("Carrollan Gardens"), for relief from the automatic stay and further states as cause as follows:

### I. Factual and Procedural Background

Carrollan Gardens seeks to obtain relief from the automatic stay in this chapter 13 case in order to collect condominium association dues which allegedly accrued post petition. However, Khan agreed to pay these dues prior to the filing of his bankruptcy petition.

Carrollan Gardens has filed a secured proof of claim, but has taken no action to foreclose on its security. Khan has surrendered the Real property that is the subject of this purported secured claim as part of his bankruptcy plan.

1

This bankruptcy plan has been long since confirmed in this case. Carrollan Gardens did not object to the plan. Khan has timely made all plan payments under this chapter 13 plan as required. At the present time plan payments are being held by the chapter 13 trustee in escrow because no creditor has filed an unsecured claim. Carrollan Gardens could obtain these funds if it amended its proof of claim.

**II Argument**

*A. There is No Exception to Discharge
Which is Applicable*

As acknowledged by Carrollan Gardens, post-petition condominium dues are expressly non-dischargeable under 11 U.S.C. §523(a)(16). 11 U.S.C. §1328(a) indicates that many debts described under 11 U.S.C. §523 are also non dischargeable in a chapter 13. However, post-petition condominium dues are not enumerated as one of these debts. This is because "[t]he § 523(a)(16) exception to discharge does not apply in chapter 13." *In re Cook* WL 4687953 (E.D. Va 2010).  See also *In re Colon, 465 B.R. 657 (*Bankr. D. Utah 2011) § 523(a)(16) (discharge exception does not apply in Chapter 13 cases); *In re Danastorg*, 382 B.R. 585, 588 (Bankr. D. Mass. 2008) (homeowner association dues assessed on residences surrendered by debtor were dischargeable in debtors' Chapter 13 case despite the lienholders' failure to foreclose; §523(a)(16) did not apply).

Carrollan Gardens cites both *River Place East Housing Corp v. Rosenfeld (In re Rosenfeld)* 23 F.3d 833 (4th Cir.1994) and *In re Hall,* 23 F.3d 833 (Bnkr. Md. 1994) in support of its position that its claim is not dischargeable. However, the *Rosenfeld* case was a chapter 7 case and was decided before the amendment of the bankruptcy code. *Rosenfeld's* holding does not apply to a chapter 13 case where a debtor has surrendered property in a bankruptcy plan and a condominium association can both get paid from the debtor's disposable future earnings and

2

object to a proposed bankruptcy plan where fairness dictates different content in the chapter 13 plan. *Hall* makes specific reference to § 523(a)(16) as a basis for nondischargeability.

## B. Carrollan Gardens is not Entitled to Relief From the Stay

The remaining issue is whether or not Carrollan Gardens may nonetheless obtain relief from the stay before such time as Khan completes payments under his 13 plan and obtains a discharge. Obviously such a result has the potential to chaotically disrupt a debtor's reorganization efforts and should not be permitted.

Khan has previously cited *In Re*: *Hawk*, 314 B.R. 312 (Bankr.D.NJ 2004) in support of the proposition that Carrollan Gardens cannot obtain relief from the stay. In the *Hawk* case the parties signed a consent order which required the debtor to maintain post petition payments to a condominium association. When the debtor failed to make these payments, the condominium association initiated collection action and, among other things, obtained a judgment against the debtor. The court held that this conduct violated the stay, for among other reasons, because the post petition fees were a prepetition debt.

In the *Hawk* case the court was doing more than policing a technical violation of the stay. It voided all of the creditors collection actions *ab initio*. It did so when acknowledging that it did not have to do this if cause had otherwise existed to grant relief from the stay *Id* 314 B.R. at 317. Thus, the holding in *Hawk* was clear. The condominium association had no right to collect post petition assessments in a chapter 13 case.

WHEREFORE, the Debtor/Respondent, AZHARUL KHAN, respectfully request that this Honorable Court deny the Motion for Relief from Automatic Stay filed herein by Movant, CARROLLAN GARDENS, its assignees and/or successors in interest.

Respectfully Submitted,

/s/ Christopher R. Wampler
Christopher R. Wampler, Esq. #05461
Attorney for Debtors
Wampler & Souder, LLC
10605 Concord Street, Suite 206
Kensington, MD 20895
Phone: (301) 942-0802
Fax: (301) 942-8296
Email: cwampler@wandsfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 20th day of November, 2013, a copy of the foregoing Memorandum in Opposition to Motion for Relief from Automatic Stay was sent electronically and/or mailed, first class, postage prepaid to:

Nancy Spencer Grigsby, Ch. 13 Trustee
4201 Mitchellville Road, Suite 401
Bowie, MD 20716

Lawrence Wachtel
1401 Rockville Pike, Suite 560
Rockville, MD  20852

Respectfully Submitted,

/s/ Christopher R. Wampler
Christopher R. Wampler
Attorney for Debtors
Wampler & Souder, LLC

4

10605 Concord Street, Suite 206
Kensington, MD  20895
Phone: (301) 942-0802
Fax: (301) 942-8296
cwampler@wandsfirm.com

Case 11-33248   Doc 65   Filed 11/20/13   Page 5 of 5