Date signed January 30, 2014



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| AZHARUL KHAN : | Case No. 11-33248PM |
| : | Chapter 13 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |
| CARROLLAN GARDENS : | |
| CONDOMINIUM ASSOCIATION : | |
| Movant : | |
| vs. : | |
| : | |
| AZHARUL KHAN : | |
| Respondent : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

**CORRECTED**
**MEMORANDUM OF DECISION**

Carrollan Gardens Condominium Association ("the condominium") seeks relief from the automatic stay of 11 U.S.C. § 362(a) so as to enable it to file legal action to collect post-filing obligations. The condominium filed a proof of claim for a secured claim in the nature of a statutory lien in the sum of $2,974.43. The proof of claim stated that the monthly condominium fee is $292.43 with a $16.00 late fee if not timely paid. In his opposition, Debtor argues that while the claim of the condominium may not be discharged before consummation of his plan, the stay must continue throughout the pendency of the case as otherwise Debtor's reorganization would be beyond his means. Debtor does not live in the condominium unit. He cannot afford to pay both the fees and his plan payment. He needs to free himself from it in order to continue the

funding of his confirmed plan.  Debtor might have proposed a plan that provided for the transfer of his unit to the condominium in satisfaction of the condominium's secured claim pursuant to 11 U.S.C. § 1322(b)(8).  *Cf. In re Bryant*, 323 B.R. 635 (BC E.D. Pa. 2005).  That opportunity passed.

This case presents the court with a situation frequently encountered in the world of bankruptcy.  Here are two parties, neither one of which has done a thing wrong, engaged in mortal combat.  The condominium is entitled to contributions from each of its unit owners for the common good.  This is not a case of a creditor extorting usurious interest from a helpless debtor, a debtor seeking to pull a fast one, or a scam artist taking advantage of an unfortunate victim, but rather an effort to enforce the sums due pursuant to a voluntary association.  On the other hand, Debtor here has no interest in the unit, does not benefit one iota from its ownership, and would dearly love to be disassociated from all connection to it.  The real parties in interest – the secured creditors, or more precisely the senior secured creditor – sit by doing nothing.  In a perfect world, the condominium could force GMAC, the holder of the senior lien, to take action and foreclose, returning the unit to the market place inhabited by a new resident who would pay its fees.  Better still, the legislature might provide for a senior priority for condominium liens.[1]

No one disputes the valuation of the property.  Namely, that it is worth approximately one-third of the total of the claims secured by three liens on the property – a first mortgage securing a claim of GMAC said to be in the sum of $112, 695.00, a judgment lien held by BB&T whose claim is in the sum of $11,413.00, and the condominium lien claim in the sum of $2,973.43.  Debtor's confirmed Chapter 13 Plan provides for 60 payments of $95.00 a month and for surrender of the unit to the secured lenders.  In confirming Debtor's Plan, the court found that the $95.00 payment represented all Debtor's projected disposable income.  However, none of the secured creditors has gone forward with foreclosure, and Debtor cannot compel them to

---

[1] In Maryland, upon foreclosure, provided certain conditions are met, a portion of a condominium lien not exceeding $1,200.00 has priority over mortgages and deeds of trust recorded after October 1, 2011.  MD. CODE ANN. REAL PROP. § 11-110(f)(2) (2013).

accept his surrender pursuant to 11 U.S.C. § 1325(a)(5)(C).[2] *In re Canning*, 706 F.3d 64, 69-70 (CA1 2013); *In re Brown,* 477 B.R. 915 (BC S.D. Ga. 2012); *In re Arsenault,* 456 B.R. 627 (BC S.D. Ga. 2011); *In re Ogunfiditimi*, 2011 WL 2652371 (BC Md. 2011); *but see In re Harris*, 244 B.R. 556 (BC D. Conn. 2000).

In order to appreciate the dilemma faced by Debtor, and perhaps thousands of others in his shoes, consider the seminal case of *In re Rosenfeld*, 23 F.3d 833 (CA4 1994), holding that a condominium's right to payment for assessments arising post-petition is in the nature of a covenant running with the land and therefore survives a Chapter 7 discharge.[3] This is in accord with the provisions of the Maryland Contract Lien Act, MD. CODE ANN. REAL PROP. § 14-201(b) (2013). The *Rosenfeld* ruling was substantially codified by the following section of the Bankruptcy Code added in 2005:

---

[2] *See In re Pigg*, 453 B.R. 728 (BC M.D. Tenn. 2011). This was a case involving an uninhabitable flood-damaged unit that the secured creditor took no action to foreclose upon. The court vacated the discharge, directed the Trustee to sell the property and reordered priority of payment on the property. The result was that the sale expenses were in first priority. The court found that the HOA lien had obtained senior status because the lender had "taken possession" of the property by virtue of its bylaws. The court further found that the parties had consented to this action by their inaction.

[3] When *Rosenfeld* was decided, there was no statutory equivalent of 11 U.S.C. § 523(a)(16). The Bankruptcy Code was amended by the 1994 Bankruptcy Reform Act to add the following exception to a discharge under § 727:

> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which—
>
> (A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or
>
> (B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

**11 U.S.C. § 523(a)(16)**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case[.]

Another addition in 2005 was the following section dealing with discharges in cases under Chapter 13:

**11 U.S.C. § 1328(a)(2)**[4]

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt –

> (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)[.][5]

---

[4] Section 1328(a)(2) deals with discharges in cases under Chapter 13. If a debtor seeks a "hardship discharge" under 11 U.S.C. § 1328(b) because he is unable to complete his plan payments due to circumstances for which he is not accountable, 11 U.S.C. § 1328(c) makes 11 U.S.C. § 523(a)(16) applicable to the discharge.

[5] Prior to the enactment of BAPCPA in 2005, the exceptions to Chapter 13 discharges after all plan payments had been made were limited to kinds specified in paragraph (5), (8), or (9) of 11 U.S.C § 523(a).

-4-

Because 11 U.S.C. § 523(a)(16) is not specifically listed among the exceptions to a Chapter 13 discharge entered after completion of all of a debtor's payments under a Chapter 13 plan, the *in personam* obligation to pay condominium fees does not survive as an exception to discharge. But, this obligation survives discharge as an *in rem* obligation because it is a covenant running with the land. If it were otherwise, a debtor could continue to live in a unit after completion of a Chapter 13 plan in perpetuity without the obligation to pay the same fees that neighbors must pay. In that event, 11 U.S.C. § 1328(a)(2) would not only provide a fresh start for the honest debtor but a head start as well, a result generally disapproved. *In re Taylor*, 3 F.3d 1512, 1516 (CA11 1993). When Congress enacted 11 U.S.C. § 523(a)(16) amending the Bankruptcy Code to place personal responsibility for post-Chapter 7 discharge liability, it could have continued the protection from the 1994 Act for debtors in cases where debtors no longer used the condominium unit had it seen fit. It did not.

A ruling that with the entry of a discharge under 11 U.S.C. § 1328(a)(2) the obligation continues as an *in rem* remedy but is discharged as a personal liability is based upon the plain meaning of 11 U.S.C. § 1328(a) that does not include 11 U.S.C. § 523(a)(16) among the exceptions to the discharge entered after plan completion. The *Rosenfeld* ruling was implemented by the enactment of 11 U.S.C. § 523(a)(16) by the 2005 Bankruptcy Code revisions as to cases like it under Chapter 7. However, in cases under Chapter 13 after discharge of pre-petition claims the condominium contract obligation rides through leaving a debtor without personal liability as with consensual liens under long-established law. As the Court said in *Johnson v. Home State Bank,* 501 U.S. 78, 82-83 (1991):

> A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *See* 11 U.S.C. § 727. However, such a discharge extinguishes only "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. *See* 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308-309, 111 S.Ct. 1833, 1835-1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.REP. NO. 95-595, *supra*, at 361.

*See In re Hamlett*, 322 F.3d. 342, 349 (CA4 2003).

The existence of a covenant running with the land does not impose personal liability in the absence of privity. The doctrine concerns the liability of assignees, not the original obligor.

It is generally recognized that there are three requirements that must be satisfied for a covenant to run with the land.  First, the covenanting parties must intend to create such a covenant.  Second, the covenant must "touch and concern" the land in question. Third, there must be privity of estate between the person claiming the right to enforce the covenant and the person upon whom the burden of the covenant falls.  *Greenspan v. Rehberg*, 224 N.W. 2d 67, 73 (Mich. App. 1974).  The essence of the covenant and its distinction from a personal covenant is that it is binding on the original covenantor and follows title so as to be binding upon all subsequent holders of title.  *Wild Acres Lake Property & Homeowners Ass'n v. Coroneos*, 690 A.2d 794, 796 (Pa. Cmwlth. 1997); *Glendening v. Fed. Land Bank of Louisville*, 44 N.E.2d 251, 254 (Ind. App. 1942) (*en banc*); *Johnson v. Myers*, 172 S.E.2d 421, 424 (Ga. 1970).

In accord with the *Rosenfeld* decision and prior to the 2005 amendment adding 11 U.S.C. § 523(a)(16), this court opined in the case of *In re King,* 208 B.R. 376, 380 (BC Md. 1997), that:

> [w]hile the issue was not argued, the law is settled that the obligation to pay condominium fees continues after the debtor's discharge. *See River Place East Housing Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833 (C.A.4 1994), *cert. denied*, 513 U.S. 874, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994); *In re Whitten*, 192 B.R. 10, 15–16 (Bankr.D.Mass.1996) ("The financial obligations of a unit owner are covenants running with the land.").
>
> This result is in harmony with the general scheme of bankruptcy.  Had Cherrywood sought and obtained an in personam judgment against the debtor, enforcement of debtor's personal liability on that judgment would have been barred by the discharge of 11 U.S.C. § 524(a).

Following *Rosenfeld* and the 2005 Code amendment, personal liability continues after discharge on condominium fees in cases under Chapter 7.  But Congress did not include 11 U.S.C. § 523(a)(16) among the exceptions to a Chapter 13 discharge under 11 U.S.C. § 1328(a)(2).  It is not for this court to add this exception.  Until the discharge is entered, Debtor is stuck for the payment of these fees.  This holding differs from that of *In re Spencer*, 457 B.R. 601, 605 (E.D. Mich. 2011) where the court stated:

> The sole issue presented on this appeal is whether Debtor's personal liability for condominium fees assessed after the filing of a petition for relief may be discharged in a Chapter 13 bankruptcy proceeding, pursuant to 11 U.S.C. § 1328(a). With certain exceptions not relevant here, § 1328(a) discharges pre-petition debts upon confirmation and completion of a bankruptcy plan. Debts arising after the petition date, however, are

      not generally dischargeable in bankruptcy. 11 U.S.C. §§ 101(5), (12), & 1328(a); *In re Hester*, 63 B.R. 607, 609 (Bankr.E.D.Tenn.1986).  Therefore, the appeal ultimately depends upon whether the post-petition assessments of condominium fees constitute dischargeable pre-petition debts or nondischargeable post-petition debts.[6]

But a covenant running with the land is not a personal obligation of the covenantor.  As explained above, the purpose is to bind future assignees.  It is not a personal obligation, but as it plainly states runs with the land.  The covenant is annexed to the estate and cannot be separated from the land or the land transferred without it.

      Courts have found that the relief from the stay of 11 U.S.C. § 362(a) is not required for post-confirmation attempts to collect post-filing condominium assessments, as they are not pre-petition debts.  *In re Reynard*, 250 B.R. 241, 244 (BC Va. 2000); *In re Zamora*, 2012 WL 4501680 (BC W.D. Tex. 2012); *cf. In re Schechter*, 2012 WL 3555414 (BC E.D. Va. 2012)(Collection activities must be limited to property of the debtors, not property of the estate, but all post-confirmation earnings are property of the estate under 11 U.S.C. § 1306(a)(2)).  This issue was not raised by either party, and the court will not address it.

---

[6] In *Spencer*, the court also stated:

> The foregoing analysis depends upon Debtor's ability to divest himself of the property. The court presumes Debtor can transfer real property to avoid incurring liability, absent evidence to the contrary. It is not necessary that Debtor be able to sell the property at a price sufficient to extinguish his personal liability on the mortgages encumbering it. To the extent that the mortgage claims are undersecured, they will be bifurcated, with the amount in excess of the collateral value becoming a general unsecured claim. See 11 U.S.C. § 506(a)(1). The same result is reached by a short sale for less than the value of the secured creditors' claims. Absent unusual circumstances that have not been indicated here, therefore, it is within the power of Debtor to divest title of the property in some fashion.

457 B.R. at 614.  This court does not have the same confidence that Judge Cleland voices in *Spencer* as to Debtor's ability to shed himself of the responsibility of this white elephant.  Like Charlie, he appears doomed to ride forever 'neath' the streets of Boston in the Kingston Trio song.  Until he is able to pay both his plan payments and the condominium assessment he must live with this burden.

Although the stay will be lifted, the court will comment on the state of affairs should Debtor be able to consummate his plan. The pre-filing claim of the condominium would be discharged. Its lien remains of record, not having been avoided. After discharge, 11 U.S.C. § 523(a)(16) will not impose personal liability upon Debtor to continue the payment of condominium assessments, but the charges of the condominium will continue as an *in rem* obligation. *Cf. In re Colon*, 465 B.R. 657, 662-63 (BC D. Utah 2011). The situation is not unlike that in *Long v. Bullard,* 117 U.S. 617, 620-621 (1886), as described in *In re Hamlett*, 322 F.3d 342, 347-48 (CA4 2003), that liens pass through bankruptcy unaffected. The discharge of the claim does not affect the condominium's rights under the Maryland Contract Lien Act.[7]

An order will be entered in accord with the foregoing.

---

[7] In *Heffner v. Elmore, Throop & Young, P.C.*, 2012 WL 2138097 (D. Md. 2012), the court stated:

> The Court is not persuaded by Heffner's argument. He attaches undue significance to a section of the Bankruptcy Code the Court finds is wholly irrelevant to this case. Sections 523(a)(16) and 1328(a) are "mutually inapplicable based upon the plain language of the Bankruptcy Code." *In re Spencer*, 457 B.R. 601, 609 (E.D. Mich.2011). By its terms, § 523(a) applies only to discharges under §§ 727, 1141, 1228(b), or 1328(b). It does not apply to a discharge, such as Heffner's, effected under § 1328(a). "When evaluating the dischargeability of debts under § 1328(a), the conditions of discharge set forth in § 523(a)(16) simply do not apply." *Id.*; see also *In re Danastorg*, 382 B.R. 585, 588 (Bankr.D.Mass.2008) ("[S]ection 523(a)(16) is inapplicable to Chapter 13 cases, where the Debtor has an ongoing duty to pay postpetition obligations, such as utilities and condominium fees, as they come due."). The Court declines to infer that by not expressly connecting these unrelated sections, Congress intended to broaden the § 1328(a) discharge to include assessments that are excluded from other types of bankruptcy discharges. *See In re Foster*, 435 B.R. 650, 659 (9th Cir.BAP2010) ("[W]e doubt the omission of § 1328(a) in § 523(a)(16) or vice versa evinces a legislative intent to discharge postpetition HOA dues under § 1328(a) when the debtor uses the cure and maintenance provisions under chapter 13 to stay in his or her property after the order for relief.").

The court respectfully disagrees with this restriction on the § 1328(a) bankruptcy discharge. In the 2005 amendments to the Bankruptcy Code, five subsections of § 523(a) were added to the list of exceptions of the types of debts not discharged upon completion of all payments under a plan. Had Congress the intention to make such payments be the continuing personal obligation of the debtor, it would have included the newly enacted § 523(a)(16).

-8-

cc:    Azharul Khan
P.O. Box 215
Beltsville, MD 20704

Christopher R. Wampler
Wampler & Souder, LLC
10605 Concord Street
Suite 206
Kensington, MD 20895

Lawrence I. Wachtel
1401 Rockville Pike, Suite 560
Rockville, MD 20852-1428

Trustee
Nancy Spencer Grigsby
4201 Mitchellville Road
Suite 401
Bowie, MD 20716

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

**End of CORRECTED Memorandum of Decision**